## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

EMILY REYNEKE,

        Plaintiff,

    v.

ALEXANDER A. THOMAS, CLATSOP COUNTY, CITY OF ASTORIA, CITY OF WARRENTON, THOMAS TEAGUE, MELANIE DAVIS, ASTORIA SCHOOL DISTRICT, HEIDI R. WINTERMUTE, MARITZA CASARRUBIAS, JEANETTE SAMPSON, GRACE LAMAN, JENNA RICKENBACH, ZACHARY STOCKTON, ARTHUR SCOTT DURYEA, CALLEN STERLING, HANNAH HUBBARD, ETHAN BULLOCK, and JOSHUA M. HOLLAWAY,

        Defendants.

Case No. 3:26-cv-01326-IM

**SCREENING ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

PAGE 1 – SCREENING ORDER

**IMMERGUT, District Judge.**

Before this Court is Plaintiff Emily Reyneke's Application to Proceed In Forma Pauperis ("IFP App"), ECF 2, and her Motion for Temporary Restraining Order and Preliminary Injunction ("TRO Mot."), ECF 3. Plaintiff seeks relief against eighteen named defendants under 42 U.S.C. § 1983 and 49 U.S.C. § 31105 based on alleged civil rights violations. For the reasons below, this Court grants Plaintiff's request to proceed in forma pauperis, dismisses her Complaint without prejudice, and denies her motion for a Temporary Restraining Order and Preliminary Injunction.

## LEGAL STANDARDS

A complaint filed in forma pauperis ("IFP") shall be dismissed at any time if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A district court may also invoke an abstention doctrine, if applicable, *sua sponte*. *Barichello v. McDonald*, 98 F.3d 948, 955 (7th Cir. 1996); *see also H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000) (observing that courts of appeals can raise *Younger* abstention for the first time *sua sponte*). Courts must construe pro se filing liberally but cannot supply essential elements of a claim that are not pled. *Gonzalez-Castillo v. Garland*, 47 F.4th 971, 980 (9th Cir. 2022); *Pena v. Gardner*, 976 F.2d 469, 471–72 (9th Cir. 1992) (per curiam).

## BACKGROUND[1]

Plaintiff Emily Reyneke is a former employee of Defendant Astoria School District ("the District"). Compl., ECF 1 at 8. As best as this Court can tell, Plaintiff is a criminal defendant in several ongoing cases in Oregon's state courts. As described below, the first case appears to stem from an incident at an October 12, 2022 Astoria School District board meeting. The second case appears to stem from an incident that occurred at Columbia Memorial Hospital on October 14, 2024. The Complaint includes allegations based on those criminal proceedings, Plaintiff's sentences, and various incidents involving law enforcement between 2022 and 2026.

Beginning in August 2022, Plaintiff began reporting targeted harassment and discrimination by another employee of the District. *Id.* Plaintiff sent multiple emails to the District's administration about this other employee. *Id.* at 8–9. The other employee "intentionally retaliat[ed], slander[ed], and harass[ed]" Plaintiff. *Id.* District personnel and board members then "began colluding to get rid of the [p]laintiff." *Id.* at 9. The District's superintendent then called Plaintiff and told her that he was ending Plaintiff's training because of Plaintiff's emails. *Id.*

Plaintiff filed a grievance against the District's superintendent. *Id.* at 9–10. The District's board chair invited Plaintiff to an October 12, 2022 executive session with the school board to discuss the issue. *Id.* at 10. The board voted to uphold the superintendent's decision. *Id.* Plaintiff spoke with board members as everyone walked out of the meeting, and one board member "did knowingly and intentionally turn around and charge at the [p]laintiff with the intent of attempting to intimidate the [p]laintiff." *Id.*

---

[1] For purposes of this screening, this Court takes the allegations of the complaint, summarized here as true.

PAGE 3 – SCREENING ORDER

At some point afterward, law enforcement was contacted regarding Plaintiff's conduct[2] at this school board meeting. *See id.* at 12–13. Some of the District's board members "met in secret to collude to write letters to the Clatsop County District Attorney in an effort to maliciously prosecute and slander the Plaintiff." *Id.* at 13. Plaintiff alleges the Clatsop County District Attorney's Office maliciously prosecuted Plaintiff. *Id.* at 13–19. During this criminal prosecution, the District's board members and their acquaintances contacted Plaintiff's employers, which caused her to lose employment with Fred Meyer, Instacart, and the United States Coast Guard Auxiliary. *Id.* at 12–13. A community member "knowingly and intentionally threaten[ed] to harm and destroy the [p]laintiff" over Facebook Messenger and "has been continually harassing and slandering the Plaintiff and on several occasions interfering with 23CR000379 and 24CR54175."[3] *Id.* at 14–15.

Plaintiff qualified for a public defender but was "unlawfully forced . . . to represent herself at trial in February 2025." *Id.* at 14. The case proceeded to trial, which resulted in a split verdict. *Id.* at 15. Plaintiff's appeal is pending. *See id.* Plaintiff alleges the sentence was unlawful because it imposed a prohibition on her social media use and her time served was calculated incorrectly. *Id.* at 15; *see id.* at 16 ("Ultimately, Clatsop County Jail personnel unlawfully detained the Plaintiff 6 days too long.").

---

[2] While difficult to parse, context from the face of the Complaint suggests that Plaintiff was charged because she recorded this meeting without consent. *See id.* at 9–13. Plaintiff refers to Oregon's two-party in-person consent statute by noting that "both the Astoria School District secretary and the Daily Astorian reporter recorded the meeting and executive session" … "thereby establishing consent." *Id.* at 10. Plaintiff also refers to "a copy of the alleged audio" at the October 12, 2022 meeting when alleging that someone manufactured the evidence that was used against her in the criminal case. *Id.* at 12.

[3] Based on the Complaint and Motion for Temporary Restraining Order and Preliminary Injunction, Plaintiff appears to be a state criminal court defendant under multiple case numbers. *See* TRO Mot., ECF 3 at 7, 13; Compl., ECF 1 at 15.

PAGE 4 – SCREENING ORDER

On October 14, 2024, Plaintiff was involved in an altercation with a security employee at Columbia Memorial Hospital. *Id.* at 16. As best as this Court can discern, Plaintiff is alleging that a hospital employee called 911, officers arrested Plaintiff, and officers forcefully yanked Plaintiff's injured arm, "amounting to excessive force and causing injury." *See id.* at 16–18. Plaintiff further claims that an unspecified person violated health privacy laws by sharing security camera footage from the hospital. *Id.* at 17–18. Plaintiff alleges that she was again maliciously prosecuted by the Clatsop County District Attorney. *Id.* at 18–19. Plaintiff was appointed a defense attorney from outside Clatsop County even though there were local attorneys available. *Id.* at 19. That defense attorney later attempted to withdraw from representing Plaintiff. *Id.* at 20–21, 25.

On April 21, 2026, the state court trial judge presiding over Plaintiff's case issued an arrest warrant for Plaintiff. *Id.* at 21, 36. On April 30, 2026, Plaintiff was arrested and subjected to "excessive force." *Id.* at 36. Plaintiff alleges that Warrenton Police Department officers used an aerial device to peer into her home's windows without a warrant, attempted to "coerce the Plaintiff under threat of bodily injury and shooting Plaintiffs animals," caused damage to Plaintiff's door, arrested her using excessive force, and took custody of some of her animals. *Id.* at 21–24. Plaintiff was in custody between April 30 and May 5, 2026 and was "subjected to cruel, inhumane, and unlawful discrimination and treatment." *Id.* at 30. On May 5, 2026, when her trial was supposed to begin, Plaintiff "was forced into a plea agreement that the [p]laintiff did not want to agree to in order to get home to her animals even though the Plaintiff was innocent of all charges." *Id.* at 21, 25. Plaintiff further alleges that her sentence improperly calculated her time served, *see id.* at 37–38, and that the prosecutor improperly filed a probation violation motion, *id.* at 40.

PAGE 5 – SCREENING ORDER

Plaintiff now brings suit against eighteen named defendants under 42 U.S.C. § 1983 and 49 U.S.C. § 31105. Compl., ECF 1 at 1, 8. Plaintiff's civil cover sheet appended to the Complaint describes her cause of action as "discrimination, whistleblower discrimination, and unlawful search and seizure." *Id.*, ECF 1-1 (citation modified). Separately, Plaintiff is seeking an immediate emergency temporary restraining order and preliminary injunction to prohibit Defendants "from acting upon any warrants, potential warrants, or the creation of warrants stemming from State of Oregon cases 23CR00379 and 24CR54175; as well as ordering the injunction to suspend the terms of probation for 23CR00379 and 24CR54175." TRO Mot., ECF 3, at 1.

## DISCUSSION

This Court has evaluated Plaintiff's financial affidavit, finds that she has satisfied the eligibility requirements of 28 U.S.C. § 1915(a), and therefore grants her application. This Court dismisses Plaintiff's Complaint because the Complaint does not satisfy Rule 8's pleading requirements. For that reason alone, this Court also denies Plaintiff's request for a TRO and/or a preliminary injunction because both equitable remedies require a "clear showing" of a likelihood of success on the merits. *Starbucks Corp. v. McKinney*, 602 U.S. 339, 345 (2024). Even if the Complaint complied with Rule 8, this Court would still deny the Motion for a Temporary Restraining Order and Preliminary Injunction under *Younger v. Harris*, 401 U.S. 37 (1971). Plaintiff appears to be seeking injunctive relief from ongoing state criminal court proceedings, which *Younger* bars absent "extraordinary circumstances" not applicable here. *Id.* at 45.

## A. Screening Pursuant to 28 U.S.C. § 1915(e)(2)

This Court must dismiss the Complaint because it does not meet Federal Rule of Civil Procedure 8(a)(2)'s requirement to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Much of Plaintiff's Complaint is difficult to decipher. Plaintiff

PAGE 6 – SCREENING ORDER

includes many "allegations [that] are conclusory and not entitled to be assumed true." *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). The Complaint names nearly twenty Defendants and describes various incidents, but "fail[s] to specify which of the defendants [is] liable for which claims." *Briskin v. Shopify, Inc.*, No. 22-15815, 2025 WL 1154075, at *16 (9th Cir. Apr. 21, 2025) (en banc). Throughout her Complaint, Plaintiff describes issues with the state court, her defense counsel, her plea agreement, her custodial sentence, the enforcement of probation conditions, and the conduct of law enforcement during assorted incidents. This Court cannot "piece together a theory of liability from [Plaintiff's] string of . . . assertions." *Valadez-Lopez v. Chertoff*, 656 F.3d 851, 859 (9th Cir. 2011).

This Court will therefore dismiss Plaintiff's Complaint with leave to amend. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam) (internal citation and quotation marks omitted) ("A district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."). Plaintiff may file an amended complaint within twenty-one days.

Separately, this Court notes that throughout her Complaint, Plaintiff seeks relief unavailable under the law. For example, Plaintiff's attempt to seek damages for claims stemming from her a criminal conviction, *see* Compl., ECF 1 at 41–42, is barred because her convictions have not been reversed. Per Plaintiff, she has been convicted of state offenses, and her direct appeal is still pending. *See id.* at 15. A plaintiff can only "recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" after their "conviction or sentence has been reversed on direct appeal" or otherwise vacated. *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). Plaintiff also demands various forms of relief with tenuous links to Plaintiff's claims.

PAGE 7 – SCREENING ORDER

*See, e.g.,* Compl., ECF 1 at 42–45 (demanding that various defendants be investigated by the Federal Bureau of Investigation, disbarred, and/or terminated from their employment).[4] An amended complaint should include any facts that Plaintiff believes support her claims, and "[e]ach allegation must be simple, concise and direct." Fed. R. Civ. P. 8(d)(1).

## B.  Motion for Temporary Restraining Order and Preliminary Injunction

Both a Temporary Restraining Order ("TRO") and a Preliminary Injunction ("PI") are "extraordinary remed[ies] never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). To succeed on a motion for a TRO or a PI, a party must provide a "clear showing" that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Starbucks Corp.*, 602 U.S. at 345 (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. at 20); *see Kindred v. Bigot,* 727 F. App'x 427, 427 (9th Cir. 2018) (unpublished) (citing *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001)) (explaining that the standards for a TRO and a PI are "substantially identical"). If a plaintiff is unlikely to succeed on the merits, the court need not consider the remaining *Winter* factors. *Babaria v. Blinken*, 87 F.4th 963, 980 (9th Cir. 2023). Because this Court concludes that the Complaint has failed to meet Rule 8's pleading requirement, it also concludes that Plaintiff has failed to provide the necessary showing of a likelihood of success on the merits, and thus, may deny the TRO and PI on that basis alone.

---

[4] Additionally, the jurisdiction section of Plaintiff's Complaint lists 49 U.S.C. § 31105, a whistleblower protection statute for those in the commercial motor vehicle industry. *See* Compl., ECF 1 at 8. The Complaint never again mentions § 31105. Section 31105(b) requires plaintiffs to exhaust administrative remedies before bringing suit, and Plaintiff has nowhere alleged compliance with the necessary administrative procedure.

PAGE 8 – SCREENING ORDER

Even if this Court thought that the Complaint satisfied Rule 8, it would still deny the motion for a TRO and PI. *Younger v. Harris*, 401 U.S. 37 (1971), requires federal courts to abstain from interfering in ongoing state court criminal proceedings. *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014).[5] When a state criminal prosecution has begun, *Younger* abstention bars actions for injunctive or declaratory relief. *Gilbertson v. Albright*, 381 F.3d 965, 984 (9th Cir. 2004). Here, Plaintiff moves to enjoin Defendants "from acting upon any warrants, potential warrants, or the creation of warrants stemming from State of Oregon cases 23CR00379 and 24CR54175; as well as ordering the injunction to suspend the terms of probation for 23CR00379 and 24CR54175." TRO Mot., ECF 3 at 2–3. Plaintiff explicitly asks this Court to prohibit state officials from issuing criminal warrants and to modify conditions of her state court probation.[6] Yet, per Plaintiff's Complaint, all of her criminal cases are pending either in the trial court or on appeal. *See id.*[7] Because this Court must abstain from interfering in her ongoing state criminal court proceedings under *Younger*, Plaintiff has failed to

---

[5] *Younger* abstention also applies to state court non-criminal proceedings in circumstances not relevant here. *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 77 (2013) (recognizing that *Younger* can "bar federal relief in certain civil actions.")

[6] Federal district courts lack jurisdiction to hear a direct appeal from the final judgment of a state court. *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003).

[7] Plaintiff's Complaint is ambiguous regarding whether case 24CR54175 is on appeal or whether her conviction is final. This Court interprets her Complaint such that case 24CR54175 is on appeal, meaning that that case is pending and that *Younger* abstention precludes the award of a TRO or a PI. *See Huffman v. Pursue, Ltd.*, 420 U.S. 592, 608 (1975). If that is incorrect due to a lack of clarity in the Complaint, then this Court would still deny the TRO or PI because the Plaintiff bears the requisite burden to provide a "clear showing." *Starbucks Corp.*, 602 U.S. at 345. In any event, a TRO or PI to enjoin Plaintiff's probation would be barred under *Preiser v. Rodriguez*, 411 U.S. 475 (1973). Under *Preiser*, Section 1983 cannot be used "to challenge[ ] the fact or duration of [a criminal defendant's] confinement and seek[ ] immediate or speedier release from custody." *Id.* at 488–90.

PAGE 9 – SCREENING ORDER

show that she is likely to succeed on the merits. Thus, Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction, ECF 3, is denied.

## CONCLUSION

Plaintiff's application for leave to proceed in forma pauperis, ECF 2, is GRANTED. Plaintiff's Complaint, ECF 1, is DISMISSED with leave to amend. Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction, ECF 3, is DENIED. Plaintiff may amend her Complaint in accordance with this order within twenty-one (21) days and no later than July 31, 2026. Plaintiff's failure to timely amend the Complaint will result in this case being dismissed with prejudice.

**IT IS SO ORDERED.**

DATED this 10th day of July, 2026.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

PAGE 10 – SCREENING ORDER